# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEE HOLDEN PARKER, #A50207,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 09-cv-155-JPG** |
| ) | |
| **ROGER E. WALKER, JR., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

The Court denied Plaintiff's motion for leave to proceed *in forma pauperis*, finding that he had accumulated at least three strikes (Doc. 5). *See* 28 U.S.C. § 1915(g). Now before the Court is his motion to reconsider that ruling; he argues that he has not accumulated three strikes, and that the Court may not make such a finding *sua sponte*.

### STRIKES

As discussed in the Court's order entered March 4, 2009 (Doc. 5), in the Seventh Circuit, a strike may be counted if any portion of an action is dismissed for the grounds enumerated in 28 U.S.C. § 1915A. *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). Applying that rule, the Court found that Plaintiff has had at least three prior prisoner actions dismissed, or partially dismissed, on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Parker v. DeTella*, Case No. 98-cv-644 (N.D. Ill., filed April 3, 1998) (action dismissed pursuant to § 1915A); *Parker v. Bartley*, Case No. 07-cv-796-DRH (S.D. Ill., filed Nov. 13, 2007) (three claims

dismissed pursuant to § 1915A); *Parker v. Walker*, 08-cv-130-GPM (S.D. Ill., filed Feb. 25, 2008) (action dismissed pursuant to § 1915A); *Parker v. Walker*, Case No. 08-cv-152-MJR (S.D. Ill., filed March 3, 2008) (action dismissed pursuant to § 1915A). Parker takes exception to three of these findings, but he does not dispute that his 1998 case counts as a strike.

Parker first claims that *Parker v. Bartley*, Case No. 07-cv-796-DRH, should not count because, in his words, "the docket sheet will reflect not a dismissal but an in subjudica 'Plaintiff's Response To Defendant's Motion To Deny Plaintiff's Default Judgment'." It is true that such a pleading was filed in that action (*see* Doc. 36), but the issue of default judgment against some Defendants has no bearing on claims that were previously dismissed for failure to state a claim. Taking judicial notice of the complaint (Doc. 1) and the order dismissing three of the claims (Doc. 5), this Court finds that, under *George*, that dismissal counts as a strike.

Parker next argues that *Parker v. Walker*, 08-cv-130-GPM, should not count as a strike because a timely-filed motion to reconsider is pending in that action. Taking judicial notice of the record in that action, Parker is mistaken: the motion in question filed on October 14, 2008 (Doc. 14) was denied by court order entered on November 24, 2008 (Doc. 15), and no further action has taken place in that case. Thus, this dismissal counts as a strike.

Finally, Parker asserts that *Parker v. Walker*, Case No. 08-cv-152-MJR, should not count as a strike because his appeal of that dismissal remains pending in the Seventh Circuit. However, the Seventh Circuit determined that the underlying case did constitute a strike. *See Parker v. Walker*, Appeal No. 09-1587 (7th Cir., filed March 4, 2009). Thus, the Seventh Circuit concluded that Parker has accumulated three strikes. *Id.*

In sum, Parker has accumulated at least three strikes, so he is barred from proceeding *in*

*forma pauperis*. The Court previously determined that the allegations in the instant complaint do not show that Parker is under imminent danger of serious physical injury.

**IT IS HEREBY ORDERED** that Parker shall pay the full filing fee of $350 for this action within **FIFTEEN (15) DAYS** of the entry of this Order.

**IT IS FURTHER ORDERED** that if Parker does not comply with this Order in the time allotted, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**Dated: July 17, 2009.**

                                                 s/ J. Phil Gilbert
                                                 **U. S. District Judge**